NOT FOR PUBLICATION                                                                                         CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VASANT B. SHAH | Civil No. 06-3106 |
| Plaintiff, | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | **OPINION** |
| BROADSPIRE SERVICES, INC. UNITED PARCEL SERVICE OF AMERICA, INC., THE FLEXIBLE BENEFITS PLAN, |  |
| Defendants. | Date: October 22, 2007 |

**HOCHBERG, District Judge:**

This matter comes before this Court upon the Plaintiff's Motion for Attorneys Fees. For the reasons set forth below, the Court will grant Plaintiff's motion for the amount of $49,620 in fees and $460 in costs.

**I.   Background**

This action stems from Defendant's denial of Plaintiff's claim for long-term disability benefits. In an Opinion and Order dated August 2, 2007, this Court granted Plaintiff's motion for summary judgment, holding that Plaintiff was entitled to disability benefits and ordering Defendant to provide those benefits to Plaintiff. This Court instructed Plaintiff to submit a properly supported application for attorneys' fees to this Court. On August 31, 2007, Plaintiff filed the motion currently pending before this Court.

**II.   Discussion**

A court may, in its discretion, award attorney's fees to a prevailing party in an ERISA action. See 29 U.S.C. § 1132(g)(1); *Schake v. Colt Indus. Operating Corp. Severance Plan*, 960

F.2d 1187, 1190 (3d Cir. 1992) ("An award of . . . attorney's fees to a prevailing plaintiff in an ERISA case is within the discretion of the district court. . . ."). The Third Circuit has set forth a five-factor test for district courts to utilize in determining whether to award attorney's fees in an ERISA action. Specifically, a district court is to weigh:

> (1) the offending parties' culpability or bad faith;
>
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
>
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
>
> (4) the benefit conferred on members of the pension plan as a whole; and
>
> (5) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). Moreover, "no single factor is decisive." *Local 827 IBEW v. Verizon New Jersey, Inc.*, No. 02-1019, 2006 U.S. Dist. LEXIS 56453, at *14 (D.N.J. Aug. 3, 2006).

The parties do not contest that Plaintiff was the prevailing party in this action. Furthermore, the defendant does not contest the reasonableness of the hours incurred by plaintiff's counsel, counsel's hourly rate, or Plaintiff's costs. Thus, the only question before the Court is whether the *Ursic* factors are satisfied.

### A. Application of the *Ursic* Factors

This Court must therefore apply the *Ursic* five-factor test in determining whether to grant Plaintiff's motion. *See Anthuis v. Colt Industries Operating Corp.*, 971 F.2d 999, 1012 (3d Cir. 1992) (stating that a district court "must articulate its considerations, its analysis, its reasons and its conclusions touching on each of the five factors delineated in *Ursic*").

#### 1. Culpability or Bad Faith

The Third Circuit has stated that this factor does not require a finding of bad faith. *See*

*McPherson v. Employees' Pension Plan*, 33 F.3d 253, 256 (3d Cir. 1994) ("A losing party may be culpable, however, without having acted with an ulterior motive."). However, "[a] party is not culpable merely because it has taken a position that did not prevail in litigation." *Id.* at 257. Rather, a party is said to have acted with culpability if its conduct "involves something more than simple negligence." *Id.* (quoting Black's Law Dictionary (6th ed. 1990)).

In this matter, this Court found Defendant's denial of Plaintiff's request for benefits to have been arbitrary and capricious. Specifically, this Court found that Defendant's "based its conclusion that Plaintiff is 'employable' on an employability assessment which failed to consider plaintiff's physiological limitations . . . in determining which sedentary jobs plaintiff could actually do." *Shah v. Broadspire Services, Inc.*, No. 06-3106, 2007 WL 2248155, at *7 (D.N.J. Aug. 2, 2007). Given that the Defendants decision-makers completely ignored their own medical examiner's opinions with respect to the severe physical restrictions, it does appear to this Court that Defendant acted in a manner that exceeds that of mere negligence.

### 2. Ability to Pay

Defendant concedes that this factor weighs in favor of Plaintiff.

### 3. Deterrent Effect against Defendant

While Defendant's conduct was not necessarily in bad faith, the Third Circuit has stated that "it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct." *McPherson*, 33 F.3d at 258. Accordingly, this Court must determine whether "it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which [Defendant] engaged." *Id.*

Defendant argues that this Court's summary judgment ruling itself likely provides all the deterrence necessary to correct any shortfall in the claims review process. Rather, Defendant's

actions were found by this Court to have disregarded the full administrative factual record. While an award of summary judgment requiring payment of the benefits that would have been due is appropriate, such an award does not alone serve as deterrence. This Court therefore finds that this factor weighs in favor of Plaintiff.

### 4. Benefit Conferred on Plan Members as a Whole

Under this factor, the Court is to determine "whether there were any other plan members who received a benefit, and if so how many. In other words, the factor calls for the examination of a benefit to others, not of a benefit to all others." *Smith v. Contini*, No. 97-2692, 2003 WL 22734320, at *4 (D.N.J. Aug. 19, 2003); *see also McPherson*, 33 F.3d at 256 ("The fourth factor requires consideration of the benefit, if any, that is conferred on others by the court's judgment."). Plaintiff argues that this factor weighs in his favor because "other plan members who are currently receiving disability benefits would not have their benefits improperly and unreasonably terminated based upon a cavalier and flawed review by a vocational consultant." This argument is more properly directed at the third *Ursic* factor (deterrence) than at the fourth factor. As this action involves only one plan member and Plaintiff has made no showing as to others similarly situated, this Court finds that this factor weighs in favor of Defendant.

### 5. Relative Merits of the Parties' Position

Although the relative merits of the positions of the parties can support an award even in the absence of bad-faith litigation, "the fact that the defendants' positions have not been sustained does not alone put the fifth factor in the column favoring an award." *McPherson*, 33 F.3d at 258. Only where there is a "complete lack of evidence" or where a clearly untenable position has been taken will claims be deemed to be so lacking in relative merit that the fifth *Ursic* factor is satisfied. *Id.* This Court found that the vocational assessment relied upon by Defendants in this

case was flawed on its face because it did not take into account the specific physical limitations of the Plaintiff. Nonetheless, the Defendant in this case appears to have reviewed at least a portion of the medical record in reaching its benefit determination. Thus, the Court finds that this factor weighs only slightly in favor of an award of attorney's fees.

### B. Fee Award

Having found four of the *Ursic* factors to weigh in favor of Plaintiff, this Court finds that Plaintiff is entitled to an award of attorney's fees in this action.

In determining a reasonable fee award, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff has submitted an affidavit and itemized statement showing that counsel spent 165.40 hours working on this matter at a billing rate of $300.00 per hour; Plaintiff therefore requests a fee award of $49,620. Plaintiff further seeks costs in the amount of $460 for filing the Complaint and effecting service upon Defendant.[1] As these figures appear to this Court to be reasonable and Defendant has not contested the reasonableness of these amounts, this Court will fashion an award of fees and costs in the amount of $50,080.

## III. CONCLUSION

Based on the foregoing reasoning, this Court will grant Plaintiff's motion for costs and attorney's fees in the amount of $50,080. The accompanying Order shall issue today.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[1] Plaintiff's itemized statement of costs lists the total costs as $410 (a $300 filing fee plus $110 for service of process). Plaintiff's affidavit and motion papers list the filing fee as $350. Because the docket reflects that the filing fee for this action was $350, the Court awards costs in the amount of $460.